NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NY MACHINERY INC. and KLEANERS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE KOREAN CLEANERS MONTHLY, JOHN CHUNG a/k/a SEUNG CHAE CHUNG, and JOHN DOES 1-10, <br><br> Defendants. | Case No. 17-cv-12269 (SDW)(LDW) <br><br> **OPINION** <br><br> May 31, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendants The Korean Cleaners Monthly ("Defendant TKCM") and John Chung's ("Chung") (collectively, "Defendants") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

I.  BACKGROUND & PROCEDURAL HISTORY

Robert Lee ("Lee") is the President of Plaintiff NY Machinery Inc. ("Plaintiff NYM"), which sells washing machines and dry-cleaning products, including EM Soap, a petroleum-based dry-cleaning detergent, for which Lee owns a patent. (Compl. ¶¶ 2, 9, 11, ECF No. 1.) Lee also owns and operates Plaintiff Kleaners LLC ("Plaintiff Kleaners"), a magazine publication for the Korean dry-cleaning industry. (*Id.* ¶¶ 3, 15.) Defendant Chung owns and operates Defendant

1

TKCM, a monthly trade publication that also targets the Korean dry-cleaning industry. (*Id.* ¶¶ 4-5.)

Plaintiff NYM is a former client of Defendants, having previously advertised its products in Defendant TKCM's magazine. (*Id.* ¶ 14.) In October 2016, Plaintiff NYM stopped advertising its products in Defendant TKCM due to concerns about the accuracy of the information contained therein. (*Id.*) Thereafter, Lee formed Plaintiff Kleaners and began advertising Plaintiff NYM's products in his own industry magazine. (*Id.* ¶ 15.) Plaintiffs allege that Defendants, in retaliation, began a "malicious defamatory campaign" against Plaintiffs in December 2016 to damage their businesses and simultaneously boost their competitors' businesses, some of which Defendant Chung allegedly has an ownership interest in. (*Id.* ¶¶ 16-18.) Specifically, Plaintiffs allege that Defendants "published numerous articles in TKCM . . . falsely accusing NYM of committing a crime and deceiving . . . customers[.]" (*Id.* ¶ 19.) In an August 2017 issue of Defendant TKCM, Plaintiff NYM is allegedly referred to as "crooks" and a "fraud," both in an article, and on the magazine's cover. (*Id.* ¶ 20.) Plaintiffs sent cease and desist letters to Defendants in August, September, and October of 2017. (*Id.* ¶ 47.) According to the Complaint, Defendants have persisted in their defamatory conduct, causing Plaintiffs to lose business and customer goodwill. (*Id.* ¶¶ 48-51.)

On November 30, 2017, Plaintiffs filed an eight-count Complaint alleging: (1) unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count One); (2) unfair competition in violation of N.J. Stat. Ann. § 56:4-1 (Count Two); (3) common law unfair competition (Count Three); (4) false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count Four); (5) tortious interference with prospective economic relations (Count Five); (6) defamation *per se* (Count Six); (7) false light (Count Seven); and (8) trade libel

(Count Eight).[1]  (*See generally id.*)  On January 24, 2018, Defendants moved to dismiss the Complaint.  (*See* ECF No. 10.)  Plaintiffs submitted their opposition on February 20, 2018, and Defendants replied on February 26, 2018.  (*See* ECF Nos. 13-14.)

## II.     LEGAL STANDARD

Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations[,]" *Twombly*, 550 U.S. at 555,  but conclusory or bare-bones allegations will not do.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted); *see also Fowler v. UPMC*

---

[1] The Complaint lists false light and trade libel under separate headings, but mistakenly labels both as "Count Seven." (*See* Compl. ¶¶ 23-24.)  For purposes of this Opinion, Plaintiffs' false light claim will be referred to as "Count Seven," and the trade libel claim will be referred to as "Count Eight."

*Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard for a 12(b)(6) motion to dismiss).

### III. DISCUSSION

#### A. False Advertising & Unfair Competition Claims

Section 43 of the Lanham Act, codified under 15 U.S.C. § 1125(a), states, in relevant part:

> (a) Civil action
>
> (1) Any person who, on or in connection with any goods or services, . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which— . . .
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B). "Subsection (B) describes the cause of action known as false advertising." *Industria De Alimentos Zenú S.A.S. v. Latinfood U.S. Corp.*, No. 16-6576, 2017 WL 6940696, at *11 (D.N.J. Dec. 29, 2017) (citing 15 U.S.C. § 1125(a)).

*1. False Advertising Under the Lanham Act: Count Four*

To establish a false advertising claim under the Lanham Act, a plaintiff must allege:

> 1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 226 n.7 (3d Cir. 2017) (quoting *Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000)).

Here, Plaintiffs have adequately pled a false advertising claim under the Lanham Act. Plaintiffs satisfy the first prong by alleging that Defendants published, and verbally disseminated, statements about Plaintiffs engaging in "deceptive business practices," and the effectiveness of Plaintiff NYM's products. (*See e.g.*, Compl. ¶¶ 19-20, 31-35.) Specifically, Plaintiffs allege that Defendants "published numerous articles in Defendant TKCM . . . falsely accusing [Plaintiff] NYM of committing a crime[,]" referring to Plaintiff NYM as "crooks" and "a fraud," and stating that Plaintiff NYM lied to customers about the contents of its filters. (*Id*. ¶¶ 19-20, 31-35.) Plaintiffs also allege that Defendants, in an effort to unfairly compete with Plaintiff NYM, "encouraged [Plaintiff] NYM's customers and prospective customers to report NYM to the Better Business Bureau or a local prosecutor, and to initiate class-action lawsuits against NYM[.]" (Compl. ¶ 37.)[2] Moreover, the Complaint alleges that Defendants were motivated to stop consumers from investing in Plaintiffs' businesses and instead to invest in Plaintiffs' competitors' businesses, some of which Chung has an ownership interest in. (*Id.* ¶¶ 16-18, 27, 38-39, 51, 93, 97.)

Under this prong, Defendants argue that their alleged defamatory statements do not constitute "commercial speech," were not made in commercial advertising or promotion, and therefore cannot give rise to a false advertising claim because they are "criticism[s] of the goods or services of another by one . . . who is not engaged in marketing or promoting a competitive product or service." (Defs.' Br. at 9, 17-19, ECF No. 10-1 (quoting *Gordon & Breach Sci. Publishers v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1534 (S.D.N.Y. 1994)).) In order for representations to constitute "commercial advertising or promotion" under § 1125(a)(1)(B), they

---

[2] Plaintiffs also allege that Defendants, pretending to be employees of NYM, contacted and harassed NYM's customers and business associates in an effort to obtain inside information for use as part of Defendants' defamatory campaign. (Compl. ¶ 30.)

must be: "(1) commercial speech; (2) by a defendant in commercial competition with the plaintiff;[3] (3) for the purpose of influencing customers to buy the defendant's goods or services; and (4) disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within the industry." *Danielson*, 2015 WL 381332, at *13 (quoting *Gordon & Breach Sci. Publishers*, 859 F. Supp. at 1537). To determine whether speech is commercial, courts consider the following factors: "(1) is the speech an advertisement; (2) does the speech refer to a specific product or service; and (3) does the speaker have an economic motivation for the speech." *U.S. Healthcare, Inc., v. Blue Cross of Greater Phila.*, 898 F. 2d 914, 933 (3d Cir. 1990) (citing *Bolger v. Youngs Drugs Prods. Corp.*, 463 U.S. 60, 66-67 (1983)).

As noted above, the Complaint alleges that Defendants falsely criticized Plaintiffs' goods and services in a publication in an effort to promote the businesses of NYM's competitors, for the benefit of Defendants. (*See* Compl. ¶¶ 16-19, 38.) Thus, in accepting the allegations as true, Plaintiffs have sufficiently pled that these statements are commercial speech made in commercial advertising or promotion. *See Phillips*, 515 F.3d at 231.

Plaintiffs satisfy the remaining prongs by alleging that Defendants, in making false statements, deceived Plaintiffs' customers and influenced their customers' purchasing decisions. Plaintiffs allege that "NYM has received numerous complaints based on what Defendants have disseminated, and numerous existing and prospective customers have either cancelled orders of NYM's products and/or refused to deal with NYM, resulting in a substantial loss of prospective sales." (Compl. ¶ 49.) Plaintiffs also allege that Defendant TKCM's trade publication, which

---

[3] A plaintiff need not be in direct competition with a defendant to recover for false advertising under the Lanham Act. *See Educ. Impact, Inc. v. Danielson*, No. 14-937, 2015 WL 381332, at *13 (D.N.J. Jan. 28, 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1392 (2014)). Notwithstanding, Plaintiffs have sufficiently pled that Defendants are in commercial competition with Plaintiffs by alleging that Defendant Chung has an ownership interest in some of the businesses of Plaintiff NYM's competitors, and Defendant TKCM is a competitor of Plaintiff Kleaners. (Compl. ¶¶ 3-4, 15, 17-18, 27.)

contained the alleged misrepresentations about Plaintiffs' products, was circulated throughout the United States. (Compl. ¶13.) Further, Plaintiffs allege that Defendants' actions injured Plaintiffs' goodwill and harmed the "subscriptions and advertising sales of [Plaintiff] Kleaners." (*See id*. ¶¶ 16, 42, 46, 50-51, 60, 74, 97.) Because Plaintiffs Complaint alleges sufficient facts to support a false advertising claim in violation of the Lanham Act, Defendants' Motion to Dismiss Count Four is denied.[4]

### 2. *Unfair Competition Under the Lanham Act: Count One*

Unfair competition claims brought under § 43(a) of the Lanham Act generally follow the same analysis as false advertising claims.[5] *See, e.g., Canfield Sci., Inc. v. Melanoscan, LLC*, No. 16-4636, 2017 WL 2304644, at *8-9 (D.N.J. May 25, 2017) (analyzing a Lanham Act unfair competition claim under 15 U.S.C. § 1125(a)(1)(B)); *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, No. 13-6194, 2016 WL 6897783, at *4-5 (D.N.J. Nov. 22, 2016) (same); *Smart Vent Prods., Inc. v. Crawl Space Door Sys., Inc.*, No. 13-5691, 2016 WL 4408818, at *5-6 (D.N.J. Aug. 16, 2016) (same); *Smart Vent, Inc. v. USA Floodair Vents, Ltd.*, 193 F. Supp. 3d 395, 422-24 (D.N.J. 2016) (same); *see also Lexmark Int'l*, 134 S. Ct. at 1392 ("[T]he Lanham Act treats false advertising as a form of unfair competition[.]"). Because Plaintiffs have sufficiently pled a false advertising claim in violation of 15 U.S.C. § 1125(a)(1)(B), this Court also finds that Plaintiffs have alleged sufficient facts to support an unfair competition claim in violation of the same statute. Thus, Defendants' Motion to Dismiss Count One is denied.

---

[4] Defendants' attempt to claim protection for "investigative reporting" is premature at the motion to dismiss stage.
[5] Because Plaintiffs do not purport to allege unfair competition as it relates to trademark infringement, (*see* Pls.' Opp'n Br. at 23-25, ECF No. 13; Compl. ¶¶ 67-80), this Court will not analyze those claims under that standard.

### 3. Unfair Competition Under New Jersey Statutory and Common Law: Counts Two & Three

"Extant authority explains that unfair competition claims under New Jersey statutory and common law mirror unfair competition claims under § 43(a) of the Lanham Act[.]" *Diversified Indus.*, 2016 WL 6897783, at *5 n.3 (quoting *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 454 (D.N.J. 2009)) (internal quotation marks omitted); *see also Buying for the Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 317-18 (D.N.J. 2006) ("Because the elements of a claim of unfair competition under the Lanham Act are the same as for claims of unfair competition . . . under New Jersey statutory and common law, the Court's analysis . . . extends to Plaintiff's state law claims as well."). Therefore, this Court also finds that the Complaint alleges facts sufficient to support both statutory and common law unfair competition claims, and Defendants' Motion to Dismiss Counts Two and Three is consequently denied.

### B. Tortious Interference with Prospective Economic Relations: Count Five

In New Jersey, claims that are not based on an existing contract are recognized as a claim for tortious interference with prospective economic relations. A party is liable if he maliciously or wrongfully interferes with and damages another's business. To maintain a claim for tortious interference with prospective economic relations, a plaintiff must allege: "(1) [a plaintiff] has a reasonable expectation of an economic benefit; (2) the defendant's knowledge of that expectancy; (3) the defendant's wrongful, intentional interference with that expectancy; (4) in the absence of interference, the reasonable probability that [the plaintiff] would have received the anticipated economic benefit; and (5) damages resulting from the defendant's interference." *Slim CD, Inc. v. Heartland Payment Sys. Inc.*, No. 06-2256, 2007 WL 2459349, at *3 (D.N.J. Aug. 22, 2007) (quoting *Lucas Indus. Inc. v. Kendiesel, Inc.*, No. 93-4480, 1995 WL 350050 (D.N.J. June 9, 1995)).

An allegation that a plaintiff was in pursuit of business is sufficient to satisfy the first prong. *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, No. 10-453, 2010 WL 5239238, at *3-4 (D.N.J. Dec. 16, 2010). Here, Plaintiffs satisfy the first prong by alleging that: Plaintiff NYM has sold "dry cleaning and laundry machines and related products for more than twenty-eight (28) years[;]" Plaintiffs had business relationships with dealers, suppliers, customers, subscribers, and advertisers for the sale of their products; that they were in pursuit of new business from prospective buyers, dealers, suppliers, customers, subscribers, and advertisers; and that they lost those business opportunities due to Defendants' false representations. (Compl. ¶¶ 9, 106, 110-12); *Intervet, Inc. v. Mileutis, Ltd.*, No. 15-1371, 2017 WL 1528719, at *3-4 (D.N.J. Apr. 27, 2017) (explaining that an allegation that a defendant lost a prospective investor is sufficient to satisfy the first prong).

Plaintiffs satisfy the second prong by alleging that NYM is a former client of Defendant TKCM and Defendants knew of Plaintiffs' protected interests in its current business and potential business relationships. (Compl. ¶¶ 14, 106-07.) Defendants do not contend that Plaintiffs fail to sufficiently allege this prong.

An allegation that the harm was inflicted intentionally and without justification or excuse is sufficient to satisfy the third prong. *See Church & Dwight Co.*, 2010 WL 5239238, at *6-7. Plaintiffs satisfy the third prong by alleging that Defendants "intentionally, wrongfully, and without justification" made false statements about Plaintiffs' businesses "to interfere unfairly with Plaintiffs' protected [business] relationships[.]" (Compl. ¶¶ 108-10.)

Plaintiffs satisfy the fourth prong by alleging that "as a result of [the] false misrepresentations," Plaintiffs' customers and business associates have refused to deal with Plaintiffs, and that Plaintiffs have lost prospective business opportunities. (Compl. ¶¶ 111-15,

118); *see Church & Dwight Co.*, 2010 WL 5239238, at *8 (explaining that plaintiff need only allege that "there was a reasonable probability that the plaintiff would have received the anticipated economic benefit" but for the defendant's interference).

Finally, Plaintiffs satisfy the fifth prong by alleging that Plaintiff NYM's existing and prospective customers have cancelled orders of NYM's products and Plaintiffs have lost opportunities to enter into prospective agreements and business relationships. (Compl. ¶¶ 42, 49, 115); *see Graco, Inc. v. PMC Global, Inc.*, No. 08-1304, 2009 WL 904010, at *20-21 (D.N.J. Mar. 31, 2009) (citing *Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.*, 870 F. Supp. 1237, 1249 (D.N.J. 1994)) ("Plaintiffs need not specify what the actual damages were at [the motion to dismiss] stage of litigation."). Therefore, Defendants' Motion to Dismiss Count Five is denied.

### C. Defamation *Per Se*: Count Six

Asserting a valid defamation claim under New Jersey law requires "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *Aleynikov v. Goldman Sachs Grp., Inc.*, No. 12-5994, 2016 WL 6440122, at *18 (D.N.J. Oct. 28, 2016) (quoting *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1113 (2009)). "Whether a statement is defamatory depends on 'its content, verifiability, and context.'" *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204-05 (D.N.J. 2011) (quoting *Lynch v. N.J. Educ. Assoc.*, 735 A.2d 1129, 1136 (N.J. 1999)). The Third Circuit has defined defamation *per se* as "a publication [that] 'imputes to another conduct, characteristics, or a condition that would adversely affect her in her lawful business or trade[.]'" *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 343 (3d Cir. 2005) (quoting *Walker v. Grand Cent. Sanitation, Inc.*, 634 A.2d 237, 241 (Pa. Super. Ct. 1993)). Statements that "explicitly impute to [a company] 'fraud, deceit, dishonest,

10

or reprehensible conduct in relation to [a] product'" are *per se* defamatory. *Gillon v. Bernstein*, 218 F. Supp. 3d 285, 296, 302 (D.N.J. 2016) (quoting *Dairy Stores, Inc. v. Sentinel Pub. Co., Inc.*, 516 A.2d 220, 238 (N.J. 1986)); *Shaw v. Bender*, 100 A. 196, 197 (N.J. 1917) ("Whenever words clearly sound to the disreputation of the plaintiff, there is no need of further proof; they are defamatory on their face and actionable per se.") (internal quotation omitted)).

Here, the Complaint alleges that Defendants, through publications in TKCM accused Plaintiffs of engaging in criminal activity, i.e. defrauding their customers and business associates by misrepresenting the effectiveness of Plaintiff NYM's products. (*See* Compl. ¶¶ 19-25, 31-38, 45.) These allegations sufficiently assert a claim for defamation *per se*.

Defendants argue that because the TKCM articles at issue involved "matters of public concern," Plaintiffs were required to allege "malice" in order to sufficiently plead a cause of action for defamation *per se*. (*See* Defs.' Br. at 26-27; Defs.' Rep. Br. at 15, ECF No. 14.) However, the actual-malice standard applies "to businesses that are of such inherent public concern[,]" and not to "businesses like . . . the cleaning of clothes, and numerous other local businesses that involve everyday products or services." *Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 655 A.2d 417, 427 (N.J. 1995); *Dairy Stores*, 516 A.2d at 230 (explaining that matters involving "substantial government regulation of business activities and products" are matters of public concern necessitating an actual-malice standard); *see also Senna v. Florimont*, 958 A.2d 427, 443-45 (N.J. 2008). Here, Defendant TKCM's articles, allegedly concern Plaintiffs' dry-cleaning and magazine publishing businesses, and thus do not involve matters of public concern. Notwithstanding, Plaintiffs have sufficiently pled malice by alleging that Defendants knowingly disseminated false statements about Plaintiffs. (*See* Compl. ¶ 124); *Senna*, 958 A.2d at 435 (defining a statement made with "actual malice" as one made "with knowledge that it was false or with reckless disregard

11

of whether it was false or not[.]") (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)). Thus, Defendants' Motion to Dismiss Count Six is denied.

### D. False Light: Count Seven

"False light is a cause of action arising out of the greater tort of invasion of privacy." *Gillon*, 218 F. Supp. 3d at 303 (citing *Romaine v. Kallinger*, 537 A.2d 284 (N.J. 1988)). Asserting a valid false light claim requires a plaintiff to demonstrate that a defendant gave "publicity to a matter concerning another that places the other before the public in a false light," and "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light which the other would be placed." *Id.* (quoting Restatement (Second) of Torts § 652E). "The publicized material in a false-light claim must constitute a major 'misrepresentation of [plaintiff's] character, history, activities or beliefs.'" *Romaine*, 537 A.2d at 290 (quoting *Jonap v. Silver*, 474 A.2d 800, 806 (Conn. App. Ct. 1984)).

Plaintiffs have adequately pled a false light claim by alleging that Defendants publicly disseminated "highly offensive" statements about Plaintiffs "with negligence and/or reckless disregard for their truth or falsity." (Compl. ¶¶ 127-31.) Therefore, Defendants' Motion to Dismiss Count Seven is denied.

### E. Trade Libel: Count Eight

In order to establish a claim for trade libel, also referred to as product disparagement, a plaintiff must demonstrate "(1) [a] publication; (2) with malice; (3) of false allegations concerning its property, product or business, and (4) special damages, i.e. pecuniary harm." *Wolfe v. Gooding & Co., Inc.*, No. 14-4728, 2017 WL 3977920, at *2 (D.N.J. Sept. 11, 2017) (quoting *Buying for the Home*, 459 F. Supp. 2d at 326). "Special damages is an 'essential' element of trade libel[,]"

12

*id.*, at *4 (quoting *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 379 (D.N.J. 2004), and "must be in the form of pecuniary harm and must be pled with particularity[,]" *Canfield Sci.*, 2017 WL 2304644, at *7. "[T]he need to prove such special damages requires that Plaintiffs allege either the loss of particular customers by name, or a general diminution in its business, and extrinsic facts showing that such special damages were the natural and direct result of the false publication." *Intervet, Inc. v. Mileutis, Ltd.*, No. 15-1371, 2016 WL 740267, at *6 (D.N.J. Feb. 24, 2016) (citing *Mayflower Transit*, 314 F. Supp. 2d at 378).

> [I]f predicating its claim on a general diminution in business, plaintiff should . . . allege[ ] facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales for a [period] subsequent to the publication, facts showing that such loss in sales were the natural and probable result of such publication, and facts showing the plaintiff could not allege the names of particular customers who withdrew or withheld their custom.

*Intervet*, 2016 WL 740267, at *6 (quoting *Mayflower Transit*, 314 F. Supp. 2d at 378).

As previously discussed, Plaintiffs sufficiently allege that Defendants maliciously published false allegations concerning Plaintiffs' products and businesses. However, Plaintiffs have not pled special damages with the requisite level of particularity by alleging generally that NYM has lost sales from existing and prospective customers, and "has incurred and will continue to suffer damages" as a result of Defendants' actions. (Compl. ¶¶ 138, 142.); *see Intervet*, 2016 WL 740267, at *6 (dismissing trade libel counterclaim where defendant alleged "[a]s a direct and proximate result[] of the trade libel of [Plaintiff], [Defendant] has incurred and will continue to suffer damages") (internal quotation marks omitted); *see also Zinn v. Seruga*, No. 05-3572, 2006 WL 2135811, at *11 (D.N.J. July 28, 2006) (dismissing trade libel claim where plaintiff stated "a general allegation that the statements published on the website 'caused Plaintiffs to sustain damages'"). Although Plaintiffs note that they are willing to provide the specific names of the

13

companies and/or persons referenced in the Complaint under the protection of a confidentiality agreement, (Compl. ¶ 138), subsequent disclosure without specific assertions in the Complaint is not sufficient to maintain this cause of action. Therefore, Defendants' Motion to Dismiss Count Eight is granted. Plaintiffs shall have thirty days to amend their Complaint.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. An appropriate order follows.

*s/ Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:    Clerk
cc:      Leda D. Wettre, U.S.M.J.
         Parties