UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 20, 2018

Nancy A. Del Pizzo, Esq.
Gene Y. Kang, Esq.
Rivkin Radler LLP
21 Main Street, Court Plaza South
Hackensack, NJ 07601
*Attorneys for Plaintiffs*

Jay J. Rice, Esq.
Nagel Rice LLP
103 Eisenhower Parkway
Roseland, NJ 07068
*Attorney for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *NY Machinery Inc., et al., v. The Korean Cleaners Monthly, et al.*
Civil Action No. 17-12269 (SDW)(LDW)

Counsel:

Before this Court is Plaintiffs NY Machinery Inc. ("NYM") and Kleaners LLC's ("Kleaners") (collectively, "Plaintiffs") Motion to Dismiss the Counterclaim and Strike the First, Twelfth, and Thirteenth Separate Defenses of Defendants The Korean Cleaners Monthly ("KCM") and John Chung ("Chung") (collectively, "Defendants") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 12(f). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Plaintiffs' Motion is **GRANTED**.

### I. BACKGROUND

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion. On November 30, 2017, Plaintiffs commenced this civil action alleging that Defendants had published and disseminated false and defamatory statements regarding Plaintiffs and their products. (*See generally* Compl., ECF No. 1.) On January 24, 2018, Defendants moved to dismiss the Complaint. (*See* ECF No. 10.) On May 31, 2018, this Court issued an Opinion and Order denying Defendants'

Motion to Dismiss Counts One through Seven, granting Defendants' Motion to Dismiss Count Eight, and providing Plaintiffs with the opportunity to amend the Complaint. (ECF Nos. 15-16.)

On June 29, 2018, Plaintiffs filed an Amended Complaint re-alleging Counts One through Eight: (1) unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count One); (2) unfair competition in violation of N.J. Stat. Ann. § 56:4-1 (Count Two); (3) common law unfair competition (Count Three); (4) false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count Four); (5) tortious interference with prospective economic relations (Count Five); (6) defamation *per se* (Count Six); (7) false light (Count Seven); and (8) trade libel (Count Eight). (*See generally* Am. Compl., ECF No. 17.) On July 13, 2018, Defendants filed an Answer to the Amended Complaint, Separate Defenses, and Counterclaim ("Answer"). (*See generally* Answer, ECF No. 18.) Defendants' Counterclaim seeks to recover for defamation *per se*, alleging that Plaintiff "NYM published and disseminated false statements concerning Chung and KCM through Kleaners." (Answer, Counterclaim ¶ 8.) Specifically, Defendants allege that Plaintiffs published statements in writing "that Mr. Chung and KCM extort[] allied traders and that Mr. Chung is engaged in organized crime." (*Id.* ¶ 9.)

On August 3, 2018, Plaintiffs filed the instant Motion to Dismiss the Counterclaim and Strike the First, Twelfth, and Thirteenth Separate Defenses. (ECF No. 21.) Defendants opposed the motion on September 4, 2018, and Plaintiffs replied on September 10, 2018. (ECF Nos. 24, 26.)

## II. DISCUSSION

### A. Counterclaim: Defamation *per se*

Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A motion to dismiss a counterclaim is properly evaluated under the familiar 12(b)(6) standard." *Malibu Media, LLC v. Lee*, No. 12-03900, 2013 U.S. Dist. LEXIS 72218, at *8 (D.N.J. May 22, 2013). For the purposes of a Rule 12(b)(6) motion to dismiss, "the facts alleged in the counterclaim-complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff." *Fresenius Kabi USA, LLC v. Fera Pharms., LLC*, No. 15-3654, 2017 U.S. Dist. LEXIS 76582, at *5 (D.N.J. May 19, 2017) (citing *N.J. Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014)). A counterclaim-complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard for a 12(b)(6) motion to dismiss).

In ruling on a motion to dismiss, a court may consider a "document integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)

(citations omitted). As such, this Court will consider the exhibit attached to Defendants' Counterclaim that contains the article with the alleged defamatory statements, and the English translation of that article attached to Defendants' opposition brief. (Answer, Counterclaim, Ex. B; Rice Cert., ECF No. 24-1.) A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss "if the limitations bar is apparent on the face of the complaint." *BK Trucking Co. v. PACCAR, Inc.*, No.15-2282, 2016 U.S. Dist. LEXIS 85149, at *15 (D.N.J. June 30, 2016).

Here, Plaintiffs move to dismiss Defendants' Counterclaim as time-barred pursuant to New Jersey's one-year statute of limitations for claims of defamation. *See* N.J. Stat. Ann § 2A:14-3; *see also Petro-Lubricant Testing Labs., Inc. v. Adelman*, 233 N.J. 236, 250 (N.J. 2018) ("A defamation action must be filed within one year of the publication of an actionable writing or utterance."). Exhibit B to the Counterclaim shows that the allegedly defamatory statements made by Plaintiffs about Defendants were published in the May 2017 issue of Kleaners magazine. (Answer, Counterclaim, Ex. B.) Thus, Defendants' Counterclaim was untimely when it was asserted on July 13, 2018. Contrary to Defendants' arguments, the Counterclaim was neither compulsory nor was it saved by the doctrine of recoupment.

Defendants' defamation counterclaim is permissive because it does not arise out of the same transaction or occurrence that is the subject matter of Plaintiffs' Amended Complaint.[1] The alleged defamatory statements were distinct, occurred in a different publication six months before Plaintiffs commenced this litigation, and Defendants could have asserted their claim at any point prior to the expiration of the statute of limitations.[2] Further, the defense of recoupment does not apply because the Counterclaim does not "arise out of the *identical* transaction that provided [Plaintiffs] with a cause of action." *Aleynikov v. Goldman Sachs Grp., Inc.*, No. 12-5994, 2016 U.S. Dist. LEXIS 149666, at *38 (D.N.J. Oct. 28, 2016) (citation omitted). Because Defendants did not assert their defamation claim until July 13, 2018, it is time-barred and Defendants' request for leave to amend the Counterclaim would be futile. *See Monroe v. Host Marriot Servs. Corp.*, 999 F. Supp. 599, 604 (D.N.J. Apr. 7, 1998) ("The statute of limitations in defamation actions is to be strictly construed.").

B. <u>First, Twelfth, and Thirteenth Separate Defenses</u>

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Generally, motions to strike are disfavored and "should only be granted when 'the insufficiency of the defense is clearly apparent.'" *Collura v. Ford*, No. 13-4066, 2016 U.S. Dist. LEXIS 13965, at *78 (E.D. Pa. Feb. 3, 2016) (quoting *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). Plaintiffs' motion challenges the sufficiency of certain affirmative defenses raised by Defendants in their Answer to the Amended Complaint, which this Court will address seriatim.

---

[1] Rule 13 provides that a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" Fed. R. Civ. P. 13(a)(1)(A). A counterclaim that is not compulsory is permissive. *See* Fed. R. Civ. P. 13(b).

[2] This Court notes that Defendants do not have a viable defamation claim because the statements referenced in the Counterclaim do not comport with the alleged defamatory statements attached to Defendants' pleading.

3

Defendants' First Separate Defense asserts that "[t]he First Amended Complaint fails to state a claim upon which relief may be granted." (Answer at 11.) Although Rule 12(h)(2)(A) explicitly provides that the defense of failure to state a claim may be raised in any pleading[3] allowed under Rule 7(a), here, that defense is not viable. Indeed, this Court previously considered Defendants' Motion to Dismiss the Complaint for failure to state a claim and found that the Complaint was sufficiently pled as to Counts One through Seven. (ECF Nos. 15-16.) Regarding Count Eight (Trade Libel), this Court previously held that Plaintiffs were required to plead special damages with particularity,[4] which they have now included in the Amended Complaint. (Am. Compl. ¶¶ 138-41.)

Defendants' Thirteenth Separate Defense claims that the "Amended Complaint is barred in whole or in part as Defendants did not reveal Plaintiffs' identity in its reporting." (Answer at 12.) Because Plaintiffs have sufficiently pled each cause of action, including their claim for defamation *per se*, Defendants' First and Thirteenth Separate Defenses are stricken.[5]

Defendants' Twelfth Separate Defense asserts that "[a]ny damages owed to Plaintiffs by Defendants must be offset by the amount of damages owed to Defendants by Plaintiffs." (Answer at 12.) As explained above, Defendants' Counterclaim is neither timely nor viable. Thus, Defendants' Twelfth Separate Defense is stricken.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion is **GRANTED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
Parties

---

[3] *See* Fed. R. Civ. P. 12(h)(2)(A); *see also* Fed. R. Civ. P. 7(a)(2) (pleadings include "an answer to a complaint").

[4] "[T]he need to prove such special damages requires that Plaintiffs allege *either* the loss of particular customers by name, *or* a general diminution in its business, and extrinsic facts showing that such special damages were the natural and direct result of the false publication." *Intervet, Inc. v. Mileutis, Ltd.*, No. 15-1371, 2016 U.S. Dist. LEXIS 22165, at *17-18 (D.N.J. Feb. 24, 2016) (citing *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 378 (D.N.J. 2004)) (emphasis added).

[5] This Court will not reiterate its reasoning as it is fully set forth in this Court's prior Opinion dated May 31, 2018. (ECF No. 15.)