UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 14, 2019

Gene Y. Kang, Esq.
Nancy Ann Del Pizzo, Esq.
Rivkin Radler, LLP
21 Main Street, Suite 158
Court Plaza South, West Wing
Hackensack, NJ 07601
*Attorneys for Plaintiffs*

Jay J. Rice, Esq.
Bradley Lewis Rice, Esq.
Nagel Rice, LLP
103 Eisenhower Parkway, Suite 201
Roseland, NJ 07068
*Attorneys for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **NY Machinery Inc. v. The Korean Cleaners Monthly**
   **Civil Action No. 17-12269 (SDW) (LDW)**

Counsel:

Before this Court is Defendants The Korean Cleaners Monthly's ("KCM") and John Chung's ("Chung") (collectively, "Defendants") Motion for Reconsideration of this Court's November 20, 2018 Letter Opinion and Order dismissing Defendants' Counterclaim. (ECF Nos. 30-31.)

This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendants' Motion for Reconsideration.

## DISCUSSION

A. Standard of Review

Motions for reconsideration are governed by Local Civil Rule 7.1(i). Rule 7.1(i) requires the moving party to file a brief "setting forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. CIV. R. 7.1(i). A motion for reconsideration is only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

B. <u>The November 20, 2018 Letter Order Was Not Clearly Erroneous or Contrary to Law</u>

This Court's November 20, 2018 Letter Opinion clearly identified and applied the proper legal standards for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that dismissal of their Counterclaim constitutes a clear error of law and manifest injustice. (Defs.' Moving Br. at 4, ECF No. 32-1.) However, Defendants fail to demonstrate the existence of an error of fact or law that, if left uncorrected, would result in manifest injustice. It is well established that a litigant's disagreement with the court is not sufficient to warrant reconsideration. *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

This Court finds no basis to reconsider its prior findings. Plaintiff merely reasserts the same arguments previously raised with citations to the same previously relied upon cases, except a 2003 matter which could have been submitted initially.

Accordingly, Defendants' Motion for Reconsideration of this Court's November 20, 2018 Letter Order is **DENIED**.

## CONCLUSION

For the reasons set forth above,

**IT IS** on this 14th day of January, 2019,

ORDERED that Defendants' Motion for Reconsideration of this Court's November 20, 2018 Letter Order is **DENIED**.

**SO ORDERED.**

                                         s/ *Susan D. Wigenton*
                                         **SUSAN D. WIGENTON**
                                         UNITED STATES DISTRICT JUDGE

Orig:         Clerk
cc:           Leda D. Wettre, U.S.M.J.
                 Parties