# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NY MACHINERY INC., et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **THE KOREAN CLEANERS MONTHLY, et al.**, <br><br> Defendants. | Civil Action No.: 2:17-12269-SDW-ESK <br><br> **OPINION & ORDER** |

This matter comes before the Court on the parties' joint-letter regarding a discovery disputes. (ECF Nos. 79.) The dispute concerns the obligation to translate documents into English. The documents were produced by defendants, The Korean Cleaners Monthly and John Chung (together, "Defendants"), in response to the request by plaintiffs, NY Machinery Inc. and Kleaners LLC (together, "Plaintiffs"), for production of documents. For the reasons that follow, Defendants are neither obligated to translate the documents nor responsible for bearing the translation costs.

## I. BACKGROUND

Plaintiffs filed their complaint on November 30, 2017. (ECF No. 1.) They allege unfair competition, false advertising, defamation, false light, trade libel, and tortious interference with prospective economic relations as a result of Defendants' publication and dissemination of allegedly false and defamatory statements regarding Plaintiffs and their products. (*Id.*) Defendants moved to dismiss the complaint on January 24, 2018. (ECF No. 10.) District Judge Susan D. Wigenton granted the motion in part and denied

the motion in part. (ECF Nos. 15 & 16.) Plaintiffs thereafter filed an amended complaint on June 29, 2018. (ECF No. 17.)

Fact discovery is ongoing. The Court twice extended the fact discovery deadline, originally scheduled for March 1, 2019. The fact discovery deadline is now February 28, 2020. (ECF Nos. 27, 71, 82.) The parties served and responded to interrogatories. Those responses are not at issue. The matter before the Court concerns Defendants' responses to Plaintiffs' request for production.

On April 16, 2019, Plaintiffs wrote to Defendants asserting various deficiencies in Defendants' discovery responses. (ECF No. 81-1.) In the letter, Plaintiffs' wrote:

> Defendants' document production contains numerous documents, including emails, that appear to be written in Korean or Japanese. Plaintiffs have incurred the expense of obtaining certified English translations of documents contained in their production. We expect Defendants to promptly produce certified translations of these documents.

(*Id.*)

According to Plaintiffs, on July 9, 2019, Magistrate Judge Leda Wettre directed Defendants' counsel to respond to Plaintiffs' August 16, 2019 deficiency letter and produce outstanding responsive documents by early August 2019. (ECF No. 73.) On September 4, 2019, Plaintiffs wrote again to Defendants regarding remaining discovery deficiencies. (ECF No. 81-2.) Regarding translations of documents, Plaintiffs wrote:

> Defendants' first and supplemental document productions contain numerous documents, including emails, that appear to be written in Korean and Japanese. Defendants' cover letter dated August 6, 2019 states that certified translations would be provided, but Defendants have yet to provide same. Please

>    advise when Defendants will produce certified translations of
>    these documents.

*(Id.)*

The parties exchanged further correspondence relating to discovery disputes, which included Plaintiffs' demand that Defendants provide certified translations of documents. Additionally, according to Plaintiffs, Judge Wettre, during a telephone-status conference on September 6, 2019, ordered Defendants to provide certified translations of Defendants' document production by September 22, 2019. (ECF No. 81-3 at 3.)[1] During oral argument on the present application, Defendants disputed that Judge Wettre ordered them to provide certified translations of documents.

The parties submitted a joint-letter regarding all pending discovery disputes on November 22, 2019. (ECF No. 79.) The Court heard argument on December 6, 2019 (the "Hearing"). The Court permitted the parties to file supplemental submissions regarding the issue. (ECF No. 82 ¶ 5.). Neither party filed further submissions.

## II. ANALYSIS

The question before the Court is: Who bears the cost of translating foreign-language documents produced in response to a request for production of documents? There is no clear answer in the Third Circuit. The Court, however, finds the analysis and decision in *Nature's Plus Nordic A/S v. Natural Organics, Inc.* 274 F.R.D. 437, 439 (E.D.N.Y. 2011) to be persuasive and adopts it herein.

---

[1] Judge Wettre's Order of September 6, 2019 does not reference a ruling regarding the translation of documents. (ECF No. 71.)

Rule 34 governs requests for production of documents. Rule 34(a)(1)(A) requires that:

> any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

Rule 34 does not address which party has the obligation to translate documents into English. *In re P.R. Elec. Power Auth.*, 687 F.2d 501, 504–10 (1st Cir. 1982); *see also* Fed.R.Civ.P. 34. In enacting Rule 34, Congress "had in mind computerized data or the like which could be presented only by use of a machine … which [the responding party] alone controlled. In such situations, the data would be valueless unless respondent cooperated in rendering it intelligible. Nothing in the Advisory Committee's comments suggests that the amended Rule 34 was intended to apply outside the specialized situation described, nor do they suggest that cost shifting—rather than simply making the data available—was a purpose of the Rule." *In re P.R. Elec. Power Auth.,* 687 F.2d at 508. Instead, a request for production of documents should ordinarily require producing only the original documents, in whatever form or language they may have been kept. *Albert Rolland, S.A. v. Smithkline Beckman Corp.*, No. 85-3217, 1988 WL 34196, at *1 (E.D. Pa. Apr. 8, 1988).

In *Nature's Plus Nordic A/S*, one of the defendants moved by letter-motion for an order seeking, *inter alia*, to compel the plaintiffs to obtain translations for all documents not in English that were produced as part of the plaintiffs' document production. The

defendants argued that the plaintiffs' failure to produce documents in English violated Rule 34, and thus, the plaintiffs should have been required to translate all documents in their production at their own cost. The plaintiffs, on the other hand, argued that the production of non-English documents did not violate the Rules because the Rules "do not require Plaintiffs to translate or otherwise identify, describe, or explain non-English documents when such documents are produced as kept in the ordinary course of business." *Nature's Plus Nordic A/S,* 274 F.R.D. at 439.

The *Nature's Plus Nordic A/S* Court, citing the holding in *In re Puerto Rico Electric Power Authority*, held that Rule 34 "d[oes] not provide the district court with any authority to direct the party producing documents to translate them and that such orders violate the well-accepted principle that each party bear the ordinary burden of financing his own suit… and that each party … is expected to bear any special attendant costs." *Id.* at 442 (internal quotation marks and citation omitted); *see also In re P.R. Elec. Power Auth.*, 687 F.2d at 506–07. Thus, absent a showing of "prejudice to [the requesting party for] undue delay," the party responding to document demands has no obligation to provide translations to foreign-language documents. *Nature's Plus Nordic A/S,* 274 F.R.D. at 442.

A responding party may have an obligation to pay for the translation of foreign-language documents when the requesting party has made a reasonable request for relevant documents and the responding party serves the requesting party with irrelevant foreign-language documents, which are not responsive to the document request. Under

these circumstances, the Court should reevaluate, and perhaps reallocate, the costs of the translation to the responding party.

Here, Plaintiffs do not claim that the documents produced by Defendants in response to Plaintiffs' discovery demands are irrelevant. To the contrary, at the Hearing, Plaintiffs argued that the documents are indeed responsive to Plaintiffs' document demands, and therefore, must be produced with a translation. Defendants argued that Plaintiffs' document demands are overbroad and call for irrelevant documents. Nevertheless, to satisfy their obligation under Rule 34, Defendants produced all documents responsive to Plaintiffs' request, including the foreign-language documents at issue. While Defendants may have been less than timely with their response to Plaintiffs' deficiency-letters, it cannot be said that Defendants have engaged in undue delay. It appears the issue of whether Defendants were obligated to translate documents has been pending for a significant time, with no apparent resolution after good faith discussions between the parties and no written directive from the Court.[2] In addition, discovery is ongoing in this matter.

---

[2] Pursuant to the Court's directive, the parties were required to have a "meet-and-confer" to attempt to resolve all pending discovery disputes. (ECF No. 75.) There were, in fact, discussions between the parties regarding the potential sharing of costs relating to the translations of documents produced by *both* sides. (ECF No. 79.) The discussions, however, did not result in a resolution of this dispute.

For these reasons, the Court finds that Defendants are not obligated to provide certified translations of documents that they produced in response to Plaintiffs' request for production of documents.[3]

## III. CONCLUSION

Here, as in *Nature's Plus Nordic A/S*, where the discovery deadline has not expired and Defendants have not unduly delayed the discovery process, the Court finds no basis to shift the obligation from Plaintiffs to Defendants to translate foreign-language documents served in response to Plaintiffs' document demands.

---

[3] Documents served in response to interrogatories, however, require a different analysis. *Id*. at 440. This is because document demands seek documents in response. Interrogatories seek answers to specific questions. The Court has not been asked to determine whether foreign-language documents produced in response to Plaintiffs' interrogatories violate Rule 33(d).

Pursuant to Rule 33(d), a responding party may serve documents in responses to interrogatories when an interrogatory response can "be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed.R.Civ.P. 33(d). "[W]hen a party responds to an interrogatory by producing documents written in a foreign language, Rule 33(d) requires the responding party to provide a translation of those documents[,]" and the parties should share in the cost. *Nature's Plus Nordic A/S*, 274 F.R.D. at 441; *see also Invensas Corp. v. Renesas Elecs. Corp.*, No. 11-448, 2013 WL 12146531, at *6 (D. Del. May 8, 2013) (holding that Rule 33(d) requires a responding party to provide translations to foreign-language documents served in response to interrogatory demands.)

**IT IS THEREFORE ORDERED**, on this 6th day of January 2020, that Plaintiffs' application seeking to compel Defendants to translate documents served as part of Defendants' document production in this instance (**ECF No. 79**) is **DENIED**.

                                                 */s/ Edward S. Kiel*
                                                 **Edward S. Kiel**
                                                 **United States Magistrate Judge**