## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NY MACHINERY, INC.,** *et al.*,<br><br>      **Plaintiffs,**<br><br>      v.<br><br>**THE KOREAN CLEANERS MONTHLY,** *et al.*,<br><br>      **Defendants.** | Case No. 17–cv–12269–ESK<br><br>**OPINION AND ORDER** |

      **THIS MATTER** comes before the Court following the Court's Order of August 24, 2020 (ECF No. 112) granting in part and denying in part plaintiffs' motion to strike defendants' answer and counterclaim and for sanctions. (ECF No. 95.) The Court determined that plaintiffs were entitled to an award of the "reasonable attorney's fees and costs relating to [plaintiffs'] efforts to obtain defendants' compliance with plaintiffs' discovery requests from December 9, 2019 through August 21, 2020" (Relevant Period). (ECF No. 112 ¶ 1.) Plaintiffs were to file an affidavit of services and costs by September 4, 2020. (*Id.*) Defendants were permitted to file a response by September 11, 2020. (*Id.*)

      On September 4, 2020, plaintiffs filed the Declaration of Nancy A. Del Pizzo, Esq. (Declaration of Services), which details the services provided and costs incurred due to plaintiffs' efforts to obtain defendants' compliance in discovery. (ECF No. 113.) Ms. Del Pizzo is a partner at Rivkin Radler, LLP (Rivkin Radler), attorneys for plaintiffs. (Id. ¶ 1.) The Declaration of Services details a total of $25,285.72 in attorney's fees and costs. (Id. ¶ 4.) Rivkin Radler uses software called "Expert Time" to record time spent on matters for the firm's clients. (Id. ¶ 6.) Copies of Rivkin Radler's invoices to plaintiffs for the Relevant Period are annexed to the Declaration of Services. (ECF No. 113-1.) However, descriptions

of work performed were redacted from the invoices because they "constitute attorney work product." (*Id.* 3, n. 1.)[1]

As provided for in the August 24, 2020, Order, defendants filed a response to the Declaration of Services on September 11, 2020. (ECF No. 115.) The response noted that because the descriptions of the work performed by Rivkin Radler had been redacted, defendants could not review the appropriateness of the charges. (*Id.*) Defendants "[a]lternatively [requested] an *in camera* review of the invoices by the Court as confirmation that the amount requested is reasonable and falls within the scope of the Court's [August 24, 2020] Order." (*Id.*) Additionally, defendants objected to the inclusion of any attorney's fees and costs associated with reviewing discovery responses. (*Id.*)

On September 17, 2020, the Court entered an Order directing plaintiffs to submit, for *in camera* review, unredacted copies of all invoices annexed to the Declaration of Services by September 25, 2020. (ECF No. 116.) Plaintiffs timely transmitted e-mails to the Court enclosing the requested invoices and an Excel spreadsheet with relevant time entries. The invoices submitted for *in camera* review were heavily redacted. However, all of the entries for work that plaintiffs claim were related to obtaining defendants' compliance during the Relevant Time were not redacted. Each of the unredacted entries sets forth the name of the attorney who performed the work, a description of the work performed, the time spent, the hourly rate for the attorney, and the "value" of the work—calculated by multiplying the time spent and the hourly rate.

Plaintiffs provided the following information concerning the experience of their attorneys and the hourly rate charged for their work:

> Nancy A. Del Pizzo[] ha[s] been practicing as an attorney for more than [] 15 years, and [her] current standard litigation rate is $550 per hour and $550 to $590 per hour

---

[1] The Declaration of Services was filed under seal. (ECF No. 113.) Plaintiffs filed a motion to seal the Declaration of Services on October 9, 2020. (ECF No. 118.) The motion to seal was unopposed. (ECF No. 118-2 ¶ 6.) The Court granted the motion to seal on October 21, 2020. (ECF No. 120.)

> for intellectual property work[.]  Plaintiffs were billed at $400 per hour.  Gene Y. Kang has been practicing as an attorney for more than nine [] years, and his current standard litigation rate is $425 to [$]450 per hour[.] Plaintiffs were billed at $350 per hour.[2]

(ECF No. 113 ¶ 9.)  Defendants did not object to the hourly rates.

The reasonableness of hourly rates is calculated according to the prevailing market rates in the relevant community.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  Courts determine whether rates are reasonable by "assess[ing] the experience and skill of the prevailing party's attorneys and compar[ing] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).  Based on my knowledge of this matter and work performed by plaintiffs' counsel, I find that the reduced, hourly rates charged by Ms. Del Pizzo and Mr. Kang are reasonable in light of their experience, the work performed, and the prevailing rates charged by attorneys with similar skill, experience, and reputation who practice before this Court and in this area.[3]

In conducting a careful examination of the invoices submitted, I used the Excel spreadsheet provided by plaintiffs to calculate the reasonable legal fees and costs to be awarded.  I deleted any time entry related to: (1) plaintiffs' counsel's attendance at regularly scheduled status conferences; (2) plaintiffs' counsel's failure to appear at a status conference that I previously addressed directly with

---

[2] According to plaintiffs, the discounted rate effectively reduced plaintiffs' total legal fees by $4,195.35.  (ECF No. 113 ¶ 9.)  Additionally, plaintiffs' counsel provided "numerous 'no charges' on services provided, as well as a 10-20% courtesy discount each month off of the total fees" to plaintiffs.  (*Id.* ¶ 8.)

[3] Plaintiffs also provided the hourly rates for two paralegals who apparently worked on this matter. (ECF No. 113 ¶ 7.)  Although the Declaration of Services contained the paralegals' time entries, all of the charges for their services were "no charge[d]."  (*Id.* ¶ 8.)  Accordingly, I make no findings as to the reasonableness of their hourly rates.

defendants' counsel; and (3) plaintiffs' counsel's review of discovery responses from defendants unrelated to seeking defendants' compliance in discovery during the Relevant Period. Additionally, I reduced the amount of time for two entries that included work unrelated to obtaining compliance. Those entries are highlighted in the Excel spreadsheet. Finally, the invoices did not provide a breakdown of "disbursements." Accordingly, I will not include the "disbursements" as part of the award. Applying these adjustments and deletions to the spreadsheet (Revised Spreadsheet),[4] I come to a total amount of $16,670 for legal fees to be awarded to plaintiffs.

Accordingly,

**IT IS** on this **13th** day of **November 2020 ORDERED** that:

1. Plaintiffs are awarded $16,670 in legal fees for seeking defendants' compliance with plaintiffs' discovery requests during the Relevant Period.

2. Plaintiffs shall advise the Court by **November 20, 2020** whether they will consent to the release of the Revised Spreadsheet or whether they intend to seek redactions to the Revised Spreadsheet prior to its release to defendants.

3. Defendants shall make payment of the Award to plaintiffs within **60 days** of this Order.

                                                  */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[4] I am providing the Revised Spreadsheet to plaintiffs' counsel by email. Although it does not appear to contain any confidential information, out of an abundance of caution, I am providing the Revised Spreadsheet only to plaintiffs' counsel so that counsel can review the Revised Spreadsheet and advise the Court of any entries counsel believe should be redacted before the Revised Spreadsheet is released to defendants.