

WWW.RIVKINRADLER.COM

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460  F 201.489.0495

**NANCY A. DEL PIZZO**
PARTNER
(201) 287-2472
nancy.delpizzo@rivkin.com

March 11, 2024

**VIA ECF**
The Honorable André M. Espinosa, U.S.M.J.
United States District Court for the
District of New Jersey
50 Walnut Street
Room 2037, Courtroom 2D
Newark, New Jersey 07102

      Re:   *New York Machinery, Inc., et al. v. The Korean Cleaners Monthly, et al.*
              Civil Case No.:  2:17-cv-12269 (AME)
              RR File No. 6286-3

Dear Magistrate Judge Espinosa:

      We represent plaintiffs, New York Machinery, Inc. and Kleaners LLC. We write to update the Court regarding the proposed form of judgment following our telephonic conference held on February 27, 2024. The parties have conferred and agree on entry of the enclosed revised proposed form of final judgment, which includes final language with regard to corrective advertising. The parties also agree that both monetary damages and corrective advertising are permissible forms of relief under the Lanham Act, without a need to prove irreparable harm. Accordingly, we respectfully request entry of the proposed final judgment.

      Specifically as to the Lanham Act, corrective advertising is but one form of relief a party may be awarded in addition to monetary damages in the form of compensatory damages and a defendant's profits, as well as treble damages for exceptional cases and attorneys' fees. *See, e.g., Newborn Bros., Inc. v. Albion Eng'g Co.*, 481 F.Supp.3d 312, 343 (D.N.J. 2020); *see also E.A. Sween Co., Inc. v. Deli Exp. Of Tenafly, LLC*, 19 F.Supp.3d 560, 578 (D.N.J. 2014) (reasonable attorney's fees may be awarded under the Lanham Act where there is a finding of willfulness); *see also Merck Eprova AG v. Gnosis S.p.A.,* 760 F.3d 247, 265 (2d Cir. 2014) (affirming District Court injunction of corrective advertising and noting that, in a false-advertising case, the "assertion that it is improper to award damages and a corrective advertising campaign is unsupported by case law") (citing *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 969 (D.C. Cir. 1990) ("In addition to awarding monetary relief, the district court enjoined both parties to prepare, secure court approval of, and disseminate corrective releases, and it enjoined both parties from renewing their false advertising.").

66 South Pearl Street, 11th Floor      1301 Riverplace Boulevard      477 Madison Avenue      2649 South Road           926 RXR Plaza
Albany, NY 12207-1533                  Jacksonville, FL 32207-9047     New York, NY 10022-5843  Poughkeepsie, NY 12601-6843  Uniondale, NY 11556-0926
T 518.462.3000 F 518.462.4199          T 904.792.8925 F 904.467.3461   T 212.455.9555 F 212.687.9044  T 845.473.8100 F 845.473.8777  T 516.357.3000 F 516.357.3333



Honorable André M. Espinosa, U.S.M.J.
March 11, 2024
Page **2** of **3**

      Indeed, we could not find one case anywhere where a court reversed a jury verdict for corrective advertising because the jury also awarded monetary damages. We respectfully submit that that is because the Lanham Act affords the possibility of both monetary damages and injunctive relief.

      None of the elements of a claim for either corrective advertising and/or monetary damages under the Lanham Act require "irreparable harm." *See id*. To the contrary, for injunctive relief under the Lanham Act, a party must show:

    (1) that the defendant has made false or misleading statements as to his own product [or another's];

    (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience;

    (3) that the deception is material in that it is likely to influence purchasing decisions;

    (4) that the advertised goods travelled in interstate commerce; and,

    (5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Newborn Bros. Co., Inc.,* 481 F.Supp.3d at 344. And for the additional relief of monetary damages, "the elements are identical to the ones listed above, with one important distinction. … plaintiff seeking to recover monetary relief must "link the alleged deception with actual harm to its business." *Id*.

      The parties here prepared jury charges months ago, and the jury here was appropriately charged with these elements. The jury found Plaintiffs proved each element with a preponderance of the evidence and awarded corrective advertising and monetary damages. At no time was the jury required to find "irreparable harm" in order to award corrective advertising. *See id*.; *see also Warner-Lambert Co. v Breathasure, Inc*., 204 F.3d 87, 96 (3d Cir. 2000) (injunction may be ordered based on a tendency that false advertisements would deceive; actual deception is not required). In fact, courts have affirmed Lanham Act verdicts involving both monetary damages and corrective advertising without a separate finding of irreparable harm. S*ee Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1126 (5th Cir. 1991) (affirming corrective advertising injunctive relief as a form of compensatory damages under Lanham Act); *Merck Eprova AG*, 760 F.3d at 264 (affirming corrective advertising injunctive relief in addition to monetary compensatory damages); *Wika Instrument, LP v. Ashcroft, Inc.,* No. 13-cv-00043, 2016 WL 7018556, at *1, *9 (N.D. Ga. July 22, 2016) ("the jury found that Ashcroft's false or misleading advertising requires Ashcroft to produce corrective advertising [Verdict Question 15]. . . . Ashcroft must create corrective advertisements for the Product Information Page/Flammability Ad and 1279 Data Sheets.").



Honorable André M. Espinosa, U.S.M.J.
March 11, 2024
Page **3** of **3**

      Moreover, in false advertising cases under the Lanham Act (15 U.S.C. 1125(a)), courts have not even required plaintiff prove actual harm to find in favor of corrective advertising.  *See, e.g. Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 692-93 (6th Cir. 2000). Courts also have held that a defendant's deliberate deceptive advertising gives rise to a rebuttable presumption of injury and causation. *See Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1336-37 (8th Cir. 1997); *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1040-41 (9th Cir. 1986)).

      Here, the jury was properly charged on the elements of a Lanham Act claim, including corrective advertising and exceptional damages.  And here, under the Lanham Act claim, plaintiffs sought more than $2 million in compensatory damages plus approximately $950,000 in defendants' profits and attorneys' fees, treble damages and corrective advertising. The jury did not award the full amount requested, but rather, awarded $1.8 million in compensatory damages, treble damages and corrective advertising. It is possible that the jury awarded corrective advertising instead of the full amount of requested compensatory damages or defendant's profits.  What is plainly certain as a matter of law is that the Lanham Act affords both monetary damages and injunctive relief and does not require evidence of irreparable harm.

      We thank the Court for its consideration, and ask that the Court enter the proposed final judgment.

      Respectfully submitted,

      RIVKIN RADLER LLP
      *s/ Nancy A. Del Pizzo*
      Nancy A. Del Pizzo

c: Counsel of Record (via ECF)

4869-0651-6652, v. 1